An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-44
NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

IN THE MATTER OF:

D.M.H.                                    Caldwell County
                                          No. 11 JA 91

Appeal by respondent from order entered 8 October 2013 by Judge Robert M. Brady in District Court, Caldwell County. Heard in the Court of Appeals 29 May 2014.

> *No brief filed on behalf of petitioner-appellee Caldwell County Department of Social Services.*
>
> *Appellate Defender Staples Hughes by Assistant Appellate Defender Annick Lenoir-Peek for respondent-appellant.*
>
> *No brief filed on behalf of guardian ad litem.*

STROUD, Judge.

Respondent appeals from the trial court's order terminating her parental rights to her child Dana.[1] We affirm.

On 11 June 2013, after Dana had been adjudicated neglected and dependent and in DSS custody for some time with the permanent plan for her being adoption, DSS filed a motion to

---

[1] We use a pseudonym to protect the juvenile's identity.

terminate respondent's parental rights alleging neglect, failure to make reasonable progress, failure to pay for the cost of care of Dana, and abandonment. On 8 October 2013, the trial court terminated respondent's parental rights based upon all four grounds. Respondent appealed.

Respondent's appellate counsel has filed a no-merit brief in which she states she "has conducted a conscientious and thorough review of the record on appeal and all material in the underlying case files" and she concludes that this appeal presents "no issue of merit on which to base an argument for relief or that would alter the result." *See* N.C.R. App. P. 3.1(d). Included in respondent's brief was a letter respondent's counsel wrote to respondent in accordance with Rule 3.1(d), advising respondent of counsel's inability to find error and of respondent's right to file her own arguments directly with this Court. Respondent has not filed her own written arguments. After carefully reviewing the transcript and record, we also are unable to find any possible prejudicial error in the trial court's order. Accordingly, we affirm the trial court's order terminating respondent's parental rights to Dana.

AFFIRMED.

Judges CALABRIA and DAVIS concur.

Report per Rule 30(e).